IRELAND *versus* TODD.

A party will not be bound by a contract, entered into on his behalf, by *his attorney at law,* without previous authority or subsequent ratification.

Thus when an attorney at law received a mortgage on real estate, and obtained possession of the mortgaged premises, but before it was foreclosed, the money due thereon was paid, without deducting the rents and profits, and the attorney gave an obligation in the name of the mortgagee to repay that amount, when ascertained by referees agreed upon ; in an action on the award ; — *Held,* that the mortgagee was not bound by the contract.

ON REPORT from *Nisi Prius,* HATHAWAY, J., presiding.

ASSUMPSIT. The writ contained three counts. 1. For money had and received. 2. On an agreement to refer and award. 3. On the award.

The plaintiff introduced in evidence, a receipt of the following tenor : — " Bangor, April 20, 1849. Received of Coburn Ireland $261,33, being amount due on his notes and mortgage to Chas. H. Todd, after deducting $50, given up, and the same is paid for redeeming the property from said mortgage and to discharge his debt to said Todd ; and I agree·.

to pay back to him whatever sums shall be fixed upon as the true value of the rents and profits of the farm in said mortgage, over and above the value of the improvements which have been made thereon by the tenant in possesion, since the occupation thereof under the writ of possession, issued on the mortgage ; said sum to be determined by Jacob Fish and Walter Haines, and in case they cannot agree, they may choose a third person and the decision of a majority is to be.

" Charles H. Todd, By Geo. B. Moody his Att'y."

The plaintiff also put in a letter to said Fish, signed like the above receipt.

The attorney of the plaintiff testified, that, at his request, he assisted him to settle with Moody about the mortgage, and that he paid the sum specified in the receipt as the full amount of the mortgage, making no allowance for rents and profits, and that the mortgage was discharged. The agreement was made in consideration of the plaintiff's paying the whole, as they could not agree upon the rents and profits. They went to the mortgaged premises in Chester, and the witness carried a letter from Moody to the tenant. Moody selected Fish, the plaintiff selected Haines, and as they could not agree, those two selected Andrew J. Heald, and those referees made an award in writing, which the witness brought away, and was produced, and in these words : —

" Chester, April 23, 1849.

" The undersigned having been appointed by Coburn Ireland, mortgager, and Charles H. Todd, mortgagee, through Geo. B. Moody, his attorney, to appraise and determine the value of the rents and profits, over the improvements of the Todd farm, so called, in said Chester, for the two seasons past, during which the said mortgagee has been in possession for conditions broken, award and determine that the said Todd shall pay the said Ireland the sum of one hundred and thirty-one dollars.

" Jacob Fish,  
" Walter Haines,   } Appraisers."  
" Andrew J. Heald,

This award, on his return, he showed to Moody, and he detained it until the trial. The witness gave the letter of Moody to the tenant on the farm, and he acted as attorney for defendant before the referees.

The plaintiff also put in the deposition of said Moody, in which he said he received from defendant the mortgage referred to, and after commenced a suit or suits in relation thereto, but had had no correspondence with him since the mortgage was given, to his recollection, and did not know where he was. He signed the paper introduced, and afterwards paid the plaintiff $100, being all, in his opinion, and more than could legally or equitably, be exacted of said Todd.

The $100 was paid in consequence of giving that paper. His name was under the action for defendant in this suit, and he had also employed counsel in the case. It also appeared the mortgagee had taken possession of the mortgaged premises. The case was hereupon taken from the jury and submitted to the full Court, with the agreement that upon so much of the testimony as was legally admissible, they might render judgment for the plaintiff or defendant as the law and the evidence may require.

*Coburn*, for plaintiff.

1. In these proceedings Moody acted as the agent of the defendant. He had at the time, the possession of the mortgage and the execution recovered on the mortgage notes. He had no personal interest in these papers. The defendant lived out of the State. This must be sufficient to establish a *prima facie* case of authority.

2. The defendant has received the money of plaintiff which he ought not to retain. The rents and profits are due. He has actually the sum of $31 in his hands. If the award is not binding, it may still be evidence of the sum retained in his hands.

3. The defendant has waived any objection to the proceedings by a part payment of the sum awarded.

4. That the defendant is liable for waste, I refer to 4 Kent's Com. 167, and cases there cited.

*J. S. Abbott,* for defendant.

1. No authority is proved in Moody to bind Todd, as claimed in this suit.

2. The paper signed by Fish and others is · not binding or valid as an award, nor is it legal evidence of an appraisal. No notice was given of the time and place of hearing. No appearance by defendant nor by any one for him *authorized to appear.* No publication of the award by referees to the defendant. The appraisers do not appear, by their return, to have kept within the limits prescribed to them, and in fact transcended their authority, as shown by Fish's letter, which was received *without objection.*

There is no ground to consider doings valid as an appraisal ; they don't show any result ; don't show amount for rents and profits, as compared with the mortgagee's improvements.

3. Nothing is equitably due. The amount in the appraisers' certificate, required to be paid, is                 $131 00

Paid by Moody,                                                             100 00

                                                                                      _____

                                                                                        31 00

Ireland did not pay the am't due on the mortgage by $50 00

                                                                                      _____

Ireland *equitably* should pay back                              19 00

4. By the terms of the agreement of April 20, 1849, and the subsequent proceedings, nothing is due' to the plaintiff. Defendant was to pay "the amount of rents and profits."

The appraisers determined the rents and profits to be $100, damage to house $25, damage by cutting timber $6,00 and the $100, for the rents and profits has been paid.

*J. Baker,* in reply, contended that all the items in the award, were legitimately within the scope of rents and profits. The submission authorizes the referees to decide the rents and profits over. and above the *improvements.* This merely required them to go into the management of the estate good or bad. Had he bettered it or made it worse ? The affirmative included the negative, and they were so commingled that they could not be separated. The referees simply found the *improvements* a negative quantity, which being transposed

from the defendant's side to the plaintiff's becomes plus. 1 Hilliard on Mort. 161; *Weston* v. *Stuart*, 11 Maine, 326.

Plaintiff evidently has a right of action for this waste in some form, and the Court will lean to the support of this action to avoid litigation and promote justice.

But every item is within the legal term of rents and profits. Damages to house, means only wear and tear, not destruction or strip; *use* of farm, that is, the land separate from buildings; damage cutting timber $6. The appraisers made three items of what they might have united in one. The question was, how much benefit the defendant received from the estate. — Answer, $25, from house, &c.; $100, from farm; $6, from timber.

The timber certainly is within rents and profits, and should be applied to the payment of the mortgage. 1 Hilliard on Mort. 161.

HOWARD, J. — The evidence does not support the count in the declaration for money had and received. The amount assumed to have accrued as rents and profits, if it could be regarded as money in the hands of the defendant, under the circumstances, had been paid to the plaintiff before the commencement of this action.

The defendant was not a party to the agreement of April 20, 1849, though it purports to have been executed in his name, by Moody, as his attorney. No authority, however, has been shown by which the attorney could impose upon him the obligations of such a contract; nor is there any proof that it has been ratified by the defendant. Consequently, he is not bound by the agreement, or the supposed award resulting from it, and may legally repudiate both.

Upon the evidence submitted, the plaintiff is not entitled to judgment on either count, and according to the agreement, a nonsuit must be entered.

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.